## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Todd Michael Wiedmeier, | Case No. 22-cv-1391 (JRT/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| B. Eischen, | |
| Defendant. | |

This matter is before the Court on Petitioner Todd Michael Wiedmeier's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (ECF No. 1). For the reasons set forth below, the Court recommends the Petition be denied.

### BACKGROUND

Mr. Wiedmeier is serving a 120-month term of imprisonment at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth") (ECF No. 10, Ex. A at 2). He was committed on November 9, 2018, and is scheduled for release on December 12, 2026 via good conduct time release. (*Id.*) The BOP stated in a declaration dated July 18, 2022 that, as of May 28, 2022, Mr. Wiedmeier had earned approximately 615 First Step Act time credits ("FTCs"), but cautioned that this total might change after the BOP incorporated FTC tracking into its "SENTRY" inmate management system. (ECF No. 10 ¶¶ 10–11.)

On January 13, 2023—after Mr. Wiedmeier filed the Petition now before the Court—Mr. Wiedmeier submitted an Inmate Request to Staff (BP-A0148) to the BOP seeking a copy of his FTC balance sheet. (ECF No. 14-1 at 2.) He states that on January 17, 2023, a BOP official advised

1

him he had earned only 410 FTCs instead of 615 as initially calculated. (ECF No. 14 at ¶ 4.)[1] When he asked for an explanation of the drop in credits, a BOP official advised him the BOP credited some FTCs at 15 days per 30-day period and others at 10 FTCs. (*See* ECF No. 14-1 at 2.) On January 26, 2023, Mr. Wiedmeier filed a letter seeking the Court's leave to respond to the BOP's recalculation of his FTCs. (ECF No. 14.)

Mr. Wiedmeier's Petition alleges the BOP has failed to correctly apply his FTCs to his sentence, and that this failure has prevented him from being placed in home confinement under the Cares Act in a timely manner. (ECF No. 1 at 6–7.) Petitioner concedes, with respect to the entirety of his claims, that he has not exhausted his administrative remedies. (*Id.* at 2, 6–7.) Instead, he argues that "[n]o administrative remedy is needed because the BOP is in violation of the law." (*Id.* at 2.)

The Court recommends dismissal of the Petition because it is undisputed Mr. Wiedmeier has failed to exhaust his administrative remedies (ECF No. 1 at 2, 6–7). The Court further recommends dismissal on the ground that Mr. Wiedmeier's claims for relief are unripe, because under any proposed calculation of his FTCs he is not yet eligible to have them applied to his sentence. Having recommended dismissal of the Petition, the Court also recommends denying Mr. Wiedmeier's request for leave to respond to the BOP's recalculation of his FTCs as moot.

**ANALYSIS**

I.   **Exhaustion**

"It is well settled that federal prisoners must exhaust their available administrative remedies before seeking federal habeas corpus relief under 28 U.S.C. § 2241." *Donnelly v. Fed.*

---

[1] The response Mr. Wiedmeier received from the BOP suggests his calculation was lowered from 615 to 540—not 410. (*See* ECF No. 14-1 at 2, stating 365 FTCs would be applied towards his release and 175 towards residential reentry or home confinement, for a total of 540.)

2

*Bureau of Pris.*, 10-cv-3105-DWF-JSM, 2012 WL 2357511, at *3 (D. Minn. May 30, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012). "If a prisoner deprives prison officials and the courts of the benefits of the administrative remedies process, by failing to pursue his administrative remedies in a proper and timely manner, his claims are procedurally defaulted." *Id.* (collecting cases). The Court will only waive the exhaustion requirement if Mr. Wiedmeier can show "that some external impediment prevented him from exhausting his administrative remedies," *id.* at 4, or that any attempt to exhaust his administrative remedies would be an entirely futile exercise. *See Aguilar v. United States*, 15-cv-487-SRN-JSM, 2015 WL 5719166, at *2 (D. Minn. Sept. 29, 2015) (citing *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004)).

Here, the only rationale Mr. Widmeier provides for his failure to exhaust his administrative remedies is that the BOP has "violated the law." But an agency's determination cannot violate the law unless it constitutes the agency's final decision. By failing to exhaust his remedies Mr. Weidmeier has deprived the BOP of the opportunity to issue a final decision in response to his claims. The Court accordingly recommends dismissal for failure to exhaust administrative remedies.

II.     **First Step Act Time Credits**

The Court also recommends dismissal because Mr. Wiedmeier's claim that the BOP has failed to correctly apply his FTCs is not yet ripe. *See e.g.*, *Glawe v. Rardin*, 22-cv-2423-ECT-TNL, 2022 WL 17476545, at *6 (D. Minn. Nov. 10, 2022), *report and recommendation adopted*, 2022 WL 17466287, (D. Minn. Dec. 6, 2022); *Moore v. Rardin*, 22-cv-2476-NEB-TNL, 2022 WL 18542331, at *6 (D. Minn. Dec. 1, 2022), *report and recommendation adopted*, 2023 WL 1451560 (D. Minn. Feb. 1, 2023). The applicable statute directs the BOP to apply FTCs if a prisoner has

earned them "in the amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A).  "Federal courts around the country read Section 3624(g)(1)(A) to mean that 'the BOP is permitted to apply time credits *only* once an inmate' has earned enough 'that equal the remainder of the sentence.'" *Adkins v. Engleman*, 22-cv-1988-JLS-MRW, 2022 WL 14966123, at *2 (C.D. Cal. Sept. 8, 2022) (emphasis added) (quoting *Lallave v. Martinez*, --- F. Supp. 3d ----, 2022 WL 2338896, at *11 (S.D.N.Y. 2022)), *report and recommendation adopted*, 2022 WL 15116425 (C.D. Cal. Oct. 24, 2022), *certificate of appealability denied*, 2022 WL 18232175 (C.D. Cal. Oct. 24, 2022); *see also Moore*, 2022 WL 18542331, at *6 (citing *Adkins*, 2022 WL 14966123, at *2).  Accordingly, a request for calculation of FTCs in a habeas action when the petitioner's earned FTCs do not yet equal the remainder of his sentence "is essentially seeking an advisory opinion from [the] court." *Moore*, 2022 WL 18542331, at *6 (quoting *Adkins*, 2022 WL 14966123, at *2).

In his January 26 letter to the Court (ECF No. 14), Mr. Wiedmeier disputes the BOP's most recent calculation of his FTCs.  But whether the correct calculation of his credits is 615 as Mr. Wiedmeier contends, or a lesser amount as the BOP suggested in its January 17 response (ECF No. 14-1), the FTC credit total does not yet equal the remaining time on his sentence.  Based on a release date of December 12, 2026, Mr. Wiedmeier has 1,377 days left to serve as of the date of this Order.  Because Mr. Wiedmeier's earned FTCs under any of the proposed calculations do not yet equal the remaining time on his sentence, he is not yet eligible to have his FTCs applied, and therefore, his request to have his credits applied is not yet ripe.

Mr. Wiedmeier derivatively claims the correct application of his FTCs makes him eligible for home confinement under the CARES Act (ECF No. 1 at 6–7).  As discussed above, he is currently ineligible to have his FTCs applied, such that this derivative claim is moot.  "Moreover,

4

to the extent Petitioner seeks release to … home confinement, the Court lacks authority to consider his request. Courts in this District have continually held that the BOP has the exclusive authority to determine placement of prisoners", and home confinement is a form of prisoner placement. *Flynn v. Eischen*, 22-cv-1265-ECT-LIB, 2022 WL 18461620, at *4 n.8 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, 2023 WL 415162 (D. Minn. Jan. 25, 2023) (collecting cases).

Finally, for the reasons set forth above, the Court finds the BOP's recent recalculation of Mr. Wiedmeier's FTCs is not dispositive of whether he is entitled to have his FTCs applied at this point in time. The Court accordingly recommends denying Mr. Wiedmeier's letter request for leave to respond to the BOP's recalculation of his FTCs in support of his Petition as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Wiedmeier's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. [1]) be **DISMISSED WITHOUT PREJUDICE**; and
2. Mr. Wiedmeier's Request for Leave of the Court to Respond to BOP's Alteration in assigned FSA days (ECF No. [14]) be **DENIED**.

Dated: March 6, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).